UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————————

)
LISA AMOSON et al.,                          )
                                             )
            Plaintiffs,                       )
                                             )
v.                                           )          Civil Action No. 22-11963-LTS
                                             )
TAKEDA PHARMACEUTICALS                       )
U.S.A., INC.,                                )
                                             )
            Defendant.                        )
—————————————————————————)


ORDER ON PLAINTIFF HUCK'S REQUEST TO SEVER (DOC. NO. 99)

January 12, 2026

SOROKIN, J.

        This suit was brought by several former field-based employees of defendant Takeda

Pharmaceuticals U.S.A., Inc., who were terminated after their requests for religious exemptions

from Takeda's COVID-19 vaccination policy were denied.  See generally Doc. No. 1-1.  Robb

Huck is one of the nine plaintiffs whose claims are proceeding to a jury trial in May 2026.  Doc.

No. 97.  All plaintiffs had common representation for the first three years of this case.  Doc. Nos.

1, 30.  But after the district court denied Takeda's motion for summary judgment, the plaintiffs'

attorney withdrew.  Doc. No. 77, 83, 95, 99.  Huck retained different successor counsel than the

other eight plaintiffs.  Doc. Nos. 81–83, 94–95.  Huck now requests to sever his trial from that of

the other eight plaintiffs with whom he initially filed suit.  Doc. No. 99.  Takeda opposes.  Id.

I.    DISCUSSION

        As the parties agree, the question whether to separate parties or claims is "a case

management decision peculiarly within the discretion of the trial court."  Acevedo-Garcia v.

1

Monroig, 351 F.3d 547, 558 (1st Cir. 2003) (citation modified); Doc. No. 99 at 1.  The Rules

provide for two types of separation or severance: Rule 21, which results in separate actions, and

Rule 42(b), which results only in separate trials.  See Acevedo-Garcia, 351 F.3d at 558–60

(citing Fed. R. Civ. P. 21, 42(b)).  Huck did not specify which type of severance he seeks.  Doc.

No. 99; see also Acevedo-Garcia, 351 F.3d at 559 (noting frequent confusion between Rules 21

and 42(b)).  This has been one case since its inception; Huck has not previously sought to

entirely sever his case from the other plaintiffs'; and Huck's request discusses the relief he seeks

only in terms of a separate trial.  Doc. No. 99 at 1–3.  For all these reasons, the Court construes

his "request to sever" as a motion for separate trials under Rule 42(b).

Rule 42(b) authorizes the Court to order separate trials "[f]or convenience, to avoid

prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  "The moving party bears the

burden of proving that separate trials are justified."  Chapman ex rel. Est. of Chapman v.

Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001).  Huck has not shown that the Rule

42(b) considerations weigh in favor of ordering separate trials.

Proceeding with a single trial is more efficient and economical for the judicial system.

Separate trials would require impaneling two juries.  Two trials would likely be duplicative of

the factual and legal issues common to the plaintiffs' claims and Takeda's defense.  For example,

Takeda argues that it "will rely on the same evidence to support its undue hardship defense

across all Plaintiffs."  Doc. No. 99 at 3.  That evidence includes "at least four company witness

and an expert witness," who would otherwise be required to travel twice and to "give their

testimony—which will be the exact same—twice."  Id. at 4 (emphasis omitted).  Huck does not

seriously contend that separate trials would promote judicial economy or efficiency.  He argues

only that a separate trial would, for him, "be significantly shorter and the legal costs and fees for

2

preparation, witnesses, and the trial itself would be far less." Id. at 2.  It is far from clear why this would be so.  Huck does not argue that he would, for instance, put on more witnesses or evidence in the combined trial than a standalone one.  Considerations of convenience and judicial economy plainly militate against separate trials.

Huck also has not shown that he will be prejudiced by proceeding to trial with his co-plaintiffs.  He has not argued that his and his co-plaintiffs' claims (or Takeda's defenses thereto) are mutually antagonistic.  Indeed, given the common factual and legal issues, separate trials would pose a risk of inconsistent judgments.  Huck cites two potential sources of prejudice. First, he argues that if he proceeded to trial alongside the other plaintiffs, "his trial strategy would have to include that of the other plaintiffs to avoid contradicting or confusing legal arguments or presentation of evidence." Doc. No. 99 at 2.  But nothing prevents Huck, who is represented by separate counsel, from pursuing his own trial strategy, making his own arguments, or presenting his own evidence.[1]  Indeed, each plaintiff will be required to prove the elements of their claims, whether in one trial or separate trials.  Second, Huck argues that the presentation of his own witnesses and documentation alongside the other eight plaintiffs' evidence could cause jury confusion.  Id.  But Huck has not pointed to any specific sources of potential jury confusion—such as evidentiary issues that may be resolved differently for different plaintiffs—beyond the ordinary challenges any multi-plaintiff case poses.  Separate trials are not required in order to avoid prejudice here.

---

[1] Recognizing that Huck and his co-plaintiffs may advance different legal arguments, the Court has authorized the two sets of plaintiffs to make separate jury-instruction proposals and supporting memoranda of law.  Doc. No. 97 ¶ 2.

The Court would reach the same conclusion if it considered Huck's request as a request to sever under Rule 21. When determining whether to sever claims, a court considers several factors, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

SharkNinja Operating LLC v. Dyson, Inc., No. 23-cv-11277-ADB, 2023 WL 6796456, at *1 (D. Mass. Oct. 13, 2023) (citation modified); accord Doc. No 99 at 1 (quoting Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., No. 12-cv-11498-RWZ, 2013 WL 1755200 (D. Mass. Apr. 24, 2013)). All of these factors weigh against severance under Rule 21. The plaintiffs' claims arise out of the same transaction or occurrence: Takeda's implementation of its COVID-19 vaccination policy and refusal to grant religious exemptions to certain field-based employees. The claims raise common questions of law and fact; Takeda's undue-hardship defense is just one example. As explained above, judicial economy considerations favor a single trial, and a single trial would not be prejudicial to Huck. Finally, although some "different witnesses and documentary proof are required" for the plaintiffs' claims, SharkNinja, 2023 WL 6796456, at *1, common evidence will also bear on all claims and Takeda's defense.

II. CONCLUSION

For the foregoing reasons, Huck's motion for separate trials (Doc. No. 99) is DENIED.

SO ORDERED.

_/s/ Leo T. Sorokin_____
Leo T. Sorokin
United States District Judge