# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA AMOSON, ROBB HUCK, ALECIA RAMSEY, LARRY HAROLD SAVAGE, JILLYN SCHMIDT, SANDRA SALAZAR SILVA, BRITT HAROLD SINGLETON, SUSAN WELCH, MATTHEW LYNN HOFFACKER, as the executor of the estate of Troby Lane Parrish,<br><br>               Plaintiffs,<br><br>    v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>               Defendant. | Case No.: 1:22-cv-11963-GAO |

**PLAINTIFF ROBB HUCK'S REPLY AND OPPOSITION TO TWO OF DEFENDANT TAKEDA'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Robb Huck respectfully submits this opposition to Defendant Takeda Pharmaceuticals U.S.A., Inc.'s proposed jury instructions. While Plaintiff Huck does not object to the use of neutral model instructions where appropriate, several of Takeda's proposed instructions—particularly those addressing the definition of "religious," sincerity, and undue hardship—risk misstating or over-narrowing governing Title VII standards and may improperly intrude upon the jury's role. The Court should therefore decline to adopt Takeda's proposed language in its current form and instead use Plaintiffs' proposed instructions.

By submitting objections to only two of Takeda's proposed jury instructions, Plaintiff Huck does not thereby accept the remainder of Takeda's proposed instructions. Rather, Plaintiff Huck reiterates that, wherever the two conflict, that the Court should accept the Plaintiffs' proposed jury instructions, and that the final jury instructions should be the product of further conference between the parties and the Court and a jury charge conference.

**I. Defendants' Proposed Instruction No. 32 improperly narrows the definition of religious and does not account for the Jury's essential role in evaluating sincerity.**

Takeda's proposed Instruction No. 32 adopts an unduly restrictive formulation of what qualifies as a protected religious belief. Although Title VII protects only bona fide religious beliefs, the

First Circuit has cautioned that determining whether beliefs are religious in nature is "a delicate business." *EEOC v. Union Independiente*, 279 F.3d 49, 57 (1st Cir. 2002).

Plaintiffs' proposed instruction reflects this controlling guidance by emphasizing that religious beliefs "need not be acceptable, logical, consistent, or comprehensible" to receive protection. *Id* at 56. Takeda's formulation, by contrast, risks inviting the jury to push toward a more structured and restrictive definition of "religious" than the First Circuit has expressly required.

Title VII does not protect "purely personal preference[s]." *Id.* at 55–56. But the inquiry remains individualized and fact-specific. Plaintiffs' instruction appropriately captures this balance, whereas Takeda's proposed language risks over-formalizing the inquiry and confusing the jury regarding the breadth of Title VII protection.

Takeda's proposed instructions place significant weight on cases in which courts rejected religious accommodation claims on the grounds of perceived inconsistencies. While inconsistency may be relevant, the First Circuit has made clear that sincerity analysis "generally will depend on the factfinder's assessment of the employee's credibility." *Id.* at 56.

The First Circuit has further emphasized that sincerity analysis is "exceedingly amorphous," requiring careful evaluation of the employee's motivations, and has expressed confidence that "a jury, acting under proper instructions from the trial judge, is fully capable of evaluating the parties' evidence." *Id.* at 57.

Plaintiffs' proposed instruction III faithfully reflects this guidance by permitting the jury to consider inconsistency while cautioning that prior conduct does not automatically defeat sincerity and that beliefs may evolve over time. This approach is consistent with the EEOC guidance cited in Plaintiffs' memorandum and with the First Circuit's emphasis on individualized credibility determinations.

Takeda's proposed framing, by contrast, risks overstating the legal significance of inconsistency and could improperly suggest that certain factual patterns categorically defeat a Title VII claim. The Court should decline to adopt any instruction that would invade the jury's core credibility function.

**II. Defendants' Proposed Instruction No. 33 gives overbroad deference to employer judgement**

Takeda correctly notes that an employer need not provide an accommodation that would impose an undue hardship. See 42 U.S.C. § 2000e(j). However, the Supreme Court has clarified that an accommodation constitutes an undue hardship only when the burden is "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

Plaintiffs' proposed instruction V reflects this governing standard. To the extent Takeda's proposed language risks diluting the "substantial burden" requirement or inviting the jury to rely on speculative or generalized concerns, the instruction should be modified to track *Groff* and reflect that an accommodation presents an undue hardship when the burden is substantial in the

overall context of an employer's business and requires the fact finder to consider all relevant factors. *Id.* at 470.

Takeda seems to emphasize that juries should not second-guess employer business decisions. While courts recognize that employers retain discretion in managing their operations, Title VII nevertheless imposes an affirmative duty to provide reasonable religious accommodations absent undue hardship.

An instruction that overemphasizes deference to the employer's judgment risks confusing the jury about its responsibility to independently evaluate whether Takeda met its statutory obligations. Plaintiffs' proposed instructions appropriately preserve the jury's role in assessing reasonableness and hardship.

**CONCLUSION**

Taken as a whole, Plaintiffs' proposed instructions carefully track controlling First Circuit and Supreme Court precedent, preserve the jury's factfinding role, and provide a balanced framework for evaluating the claims and defenses in this case. Takeda's proposed modifications risk narrowing Title VII's protections and overstating the legal effect of particular factual considerations.

For the foregoing reasons, Plaintiff Huck respectfully requests that the Court decline to adopt Takeda's proposed Instructions 32 and 33 in their current form and instead give Plaintiffs' proposed instructions III and V, or otherwise modify Takeda's language to ensure full and accurate reflection of governing Title VII standards.

Respectfully Submitted,
Plaintiff Robb Huck,
By his Attorneys,

| | |
|---|---|
| */s/ Sol J. Cohen*_____ | */s/Jessica Joan Landry,* |
| Sol J. Cohen, Esq. | Jessica Joan Landry, Esq. |
| BBO# 630776 | BBO # 711325 |
| scohen@cl-lawgroup.com | jlandry@ivylawma.com |
| Coren Lichtenstein LLP | Ivy Law P.C. |
| 60 Walnut Street, 4th floor | 2 Oliver Street, Suite 602 |
| Wellesley, MA 02481 | Boston, MA 02109 |
| Tel: (781) 997-1600 | Tel: 617-209-9954 |

## CERTIFICATE OF SERVICE

I, Sol J. Cohen, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Sol J. Cohen*
Sol J. Cohen

Dated: February 24, 2026