LISA AMOSON, ROBB HUCK, ALECIA
RAMSEY, LARRY HAROLD SAVAGE,
JILLYN SCHMIDT, SANDRA SALAZAR
SILVA, BRITT HAROLD SINGLETON,
SUSAN WELCH, MATTHEW LYNN
HOFFACKER, as the executor of the estate of
Troby Lane Parrish,

Plaintiffs,

v.

TAKEDA PHARMACEUTICALS U.S.A.,
INC.,

Defendant.

Case No.: 1:22-cv-11963-GAO

## AFFIDAVIT OF ROBB HUCK

I, Robb Huck, hereby depose and state as follows:

1. I am over the age of eighteen and competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this affidavit.

2. I was employed by Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") as a Senior Sales Representative in its Neuroscience Business Unit until my termination in November 2021.

3. At all relevant times, I was a practicing Catholic and have been a member of the Catholic faith my entire life.

4. My religious beliefs are sincerely held. As part of my faith, I believe that I should not receive vaccines that are developed using or associated with aborted fetal cell lines.

5. Based on these beliefs, I requested a religious accommodation from Takeda's COVID-19 vaccination policy.

6. My request for a religious accommodation was denied, and my employment was terminated in November of 2021 after I declined to receive the COVID-19 vaccine.

7. At the time of my termination, I was performing my job at a high level. I was a top-performing sales representative in my region and was achieving strong results for Takeda.

8. My role as a Senior Sales Representative was field-based. I called on healthcare providers, including physician assistants, nurse practitioners, nurses, and office staff.

9. I did not request an accommodation to work remotely.

10. I did not interact with patients of my customers during my work and did not engage in any direct patient care, meaning did not engage in any sales pitches, discussions or meaningful face to face interactions with customers' patients.

11. I did not work in Takeda offices or facilities as part of my regular job duties.

12. I did not have in-person interaction with Takeda employees in the course of my day-to-day work. On rare occasions, my manager, Kelly Hanson, conducted what was referred to as a "ride-along," but these did not involve close physical proximity or shared vehicle time and did not occur during the pandemic.

13. Approximately 80% of my work was conducted through in-person visits to healthcare provider offices.

14. The remaining approximately 20% of my work was conducted remotely including some office work, e.g. preparing reports, and a few video meetings with customers. As to the latter, I chose to conduct those visits remotely for convenience due to distance, not because of any requirement imposed by Takeda or the healthcare providers, and was willing to travel there in person if Takeda had provided me with the religious accommodation I requested.

15. At the time of my termination, no healthcare provider office that I was assigned to visit required pharmaceutical representatives to be vaccinated.

16. No healthcare provider or office ever asked about my vaccination status.

17. No healthcare provider or office ever complained about my vaccination status.

18. During my in-person visits, I complied with all applicable safety protocols, including masking, and I was willing to continue doing so.

19. I proposed reasonable accommodations that would have allowed me to continue performing my job, in the way in which I was performing it at the time of my termination, including masking, and regular COVID-19 testing.

20. To my knowledge, my vaccination status did not pose any risk to Takeda employees.

21. To my knowledge, Takeda did not incur any costs or business losses as a result of my continuing to perform my job while unvaccinated.

22. I remained willing and able to continue performing my job in the field, as I had been doing successfully.

23. At the time of my termination, I was performing my job exceptionally well and meeting or exceeding expectations.

24. My termination resulted from my inability to comply with Takeda's vaccination policy due to my sincerely held religious beliefs.

I declare under penalty of perjury that the foregoing is true and correct.

Signed under the pains and penalties of perjury this 8th day of April, 2026.

Robb Huck