| | |
|---|---|
| LISA AMOSON, ROBB HUCK, ALECIA RAMSEY, LARRY HAROLD SAVAGE, JILLYN SCHMIDT, SANDRA SALAZAR SILVA, BRITT HAROLD SINGLETON, SUSAN WELCH,<br><br>Plaintiffs,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Case No.: 1:22-cv-11963-LTS |

**TAKEDA PHARMACEUTICALS U.S.A., INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO BIFURCATE TRIAL**

Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") respectfully submits this memorandum of law in support of its Motion to bifurcate the trial in this matter into separate phases for liability and damages, pursuant to Federal Rule of Civil Procedure 42(b).

## I. INTRODUCTION

Plaintiffs—eight former Takeda employees—bring claims of religious discrimination under Title VII of the Civil Rights Act of 1964 based on the denial of their religious accommodation requests to be exempt from Takeda's COVID-19 vaccination requirement. *See generally* Doc. No. 1. Plaintiffs seek back pay, front pay, compensatory damages for emotional distress, attorneys' fees and costs, and punitive damages. *See id.* The damages portion of this trial alone will be extensive based on the number of plaintiffs and varying circumstances surrounding their individual damages allegations, and the evidence to be presented in support of those allegations is distinct from that which the parties will present on liability. To promote judicial

economy and avoid unnecessary confusion and prejudice to Takeda, the Court should bifurcate the issue of damages from the issue of liability at trial.

## II.  ARGUMENT

Rule 42(b) authorizes federal courts to order a separate trial of one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The First Circuit has confirmed that "[a] Rule 42(b) motion is a matter peculiarly within the discretion of the trial court." *Gonzalez-Marin v. Equitable Life Assur. Soc'y*, 845 F.2d 1140, 1145 (1st Cir. 1988); *Chapman ex rel. Est. of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001). District courts within the First Circuit apply a multi-factor test when evaluating whether to bifurcate a trial, considering whether separate trials would expedite disposition, conserve judicial resources, avoid prejudice, and avoid duplication of evidence. *McKellar v. Clark Equip. Co.*, 101 F.R.D. 93, 94 (D. Me. 1984); *see also generally Warner v. Rossignol*, 513 F.2d 678 (1st Cir. 1975). In this case, bifurcating liability and damages will economize and expedite the trial, as well as avoid confusion and prejudice to Takeda.

### a.  Bifurcation Will Economize and Expedite the Trial.

Courts within this Circuit have found that bifurcation of liability and damages promotes judicial economy because "if the jury finds for defendants on the issue of liability, then, of course, no other hearing will be necessary and much time and effort will be saved." *See Lieberman-Sack v. Harvard Cmty. Health Plan of New England, Inc.*, 882 F.Supp. 249, 257-58 (D.R.I. 1995); *see also McKellar*, 101 F.R.D. at 94.

Here, the jury must first determine liability on Plaintiffs' religious accommodation claims before turning to a damages award, if necessary. It is possible that a jury splits the verdicts, and finds in favor of some Plaintiffs and not others on liability. Any testimony or evidence of alleged

damages would therefore be irrelevant for the Plaintiffs for whom there is no finding of liability. Deferring damages to a separate proceeding will save the Court, the jurors, and the parties extensive time in the event that the jury issues either a verdict in favor of Takeda or split verdicts for the Plaintiffs.

Moreover, the standards and evidence required to prove liability are entirely different from those required to prove damages under Title VII, such that bifurcation would not result in duplication of evidence. *McKellar*, 101 F.R.D. at 94; *c.f. Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994), *and aff'd*, 36 F.3d 1147 (1st Cir. 1994); *McPhee v. Symphony New Hampshire*, 560 F. Supp. 3d 571, 572 (D.N.H. 2021); *Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 8 (D. Me. 2004). Separate from any evidence presented on liability, each individual Plaintiff will present independent evidence of and give testimony regarding their job search efforts, post-Takeda income, mental and physical health, medical care, and other evidence to support their alleged damages—which will necessarily result in many hours of trial time. This is particularly true as neither party will produce an expert on evidence of either damages or mitigation, leaving the jury to parse potentially complicated evidence for eight different plaintiffs. But if the jury finds in favor of Takeda, none of this evidence will be relevant. And if the jury finds for anything less than all Plaintiffs, this evidence will only be relevant for those Plaintiffs the jury finds in favor of.

By separating the issue of liability from damages, evidence related to the alleged damages of the Plaintiffs who prove liability will be presented only during the second phase of trial, which will greatly reduce the amount of time and resources spent at trial.

**b. Bifurcation Will Avoid Prejudice To Takeda.**

Consideration of prejudice in the context of bifurcation commonly arises where evidence of the nature and extent of damages could unfairly invoke the sympathies of the trier of fact, thereby impacting the determination of liability. *See* 9A Wright & Miller, Fed. Prac. & Proc. §§ 2388, 2390. In cases where evidence relevant to the determination of damages is irrelevant to a liability determination, courts in the First Circuit have therefore found bifurcation appropriate to avoid prejudice to the defendant, as presentation of such evidence may improperly influence the jury in determining liability. *See, e.g.*, *Lieberman-Sack*, 882 F.Supp. at 257; *McKellar*, 101 F.R.D. at 94-95.

Takeda will be prejudiced if the jury is presented with eight separate accounts of alleged lost wages (including job search and mitigation efforts, loss of pay and benefits, and future expected earnings), emotional distress (including mental and physical health impacts, medical bills, and personal hardships), and other damages (including punitive damages) if, for example, only one Plaintiff successfully proves that Takeda was liable for failing to accommodate them. Combining evidence of liability and damages may lead the jury to find Takeda liable simply out of sympathy or compassion for the Plaintiffs, based upon their alleged damages and nothing more—this prejudicial concern is particularly heightened here given cumulative testimony of eight different plaintiffs. But there is more. Presentation of damages evidence at the same time as liability evidence would also conflate the issues in the minds of the jurors, who will already be tasked with keeping track of the evidence related to finding liability for each cause of action. Separating damages from liability in this multi-plaintiff case would allow the jury to clearly and more accurately consider what, if anything, each individual Plaintiff is owed, rather than sorting through eight sets of potentially irrelevant evidence.

Bifurcation is particularly warranted to avoid prejudice associated with the valuation of a defendant which may be presented with respect to punitive damages. *See Lieberman-Sack*, 882 F.Supp. at 257; *see also Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-CV-60268, 2019 WL 5617937, at *2 (S.D.Fla. Oct. 31, 2019) ("the valuation of Defendant is not relevant to Defendant's liability and Defendant may be prejudiced by the introduction of evidence with respect to punitive damages before the determination of liability is made."). Should Plaintiffs attempt to present evidence regarding the financial status of Takeda, the jury may improperly conclude that because Takeda is a large corporation, it should therefore pay more to the Plaintiffs, regardless of their actual damages or proportionality thereto.

Finally, regardless of whether the Court bifurcates the liability and damages phases of trial, the jury should not hear evidence supporting any potential back pay and/or front pay calculations because back pay and front pay are equitable remedies to be decided by the judge. *See* 42 U.S.C. § 2000e-5(g)(1) (granting "the court" authority to award back pay "or any other equitable relief as the court deems appropriate"). Plaintiffs themselves acknowledged this well-settled principle in their proposed jury instructions. *See* Doc. No. 101, at 10-11 ("You must not consider any lost wages or fringe benefits. Federal law requires that I, as the judge, determine the amount of any lost wages and fringe benefits that [Plaintiffs] shall recover if you find Takeda liable."). Takeda acknowledges the First Circuit has held that "juries are *generally* entrusted with decisions on back pay when the jurors are already resolving issues of liability and compensatory damages." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379-80 (1st Cir. 2004) (emphases added). However, it is appropriate for this Court to exercise its discretion to break from that *general* rule because allowing the jury to decide backpay would result in unnecessary time, confusion, and prejudice for all those reasons discussed above.

**III.     CONCLUSION**

For the foregoing reasons, Takeda respectfully requests that the Court grant its Motion to bifurcate the trial in this matter into separate phases for liability and damages.

Dated: April 24, 2026                                   Respectfully submitted,

                                                          **MORGAN, LEWIS & BOCKIUS LLP**

                                                          By: /s/ *Keri L. Engelman*
                                                          Keri L. Engelman (BBO# 704360)
                                                          Celina Antonellis (BBO# 708904)
                                                          One Federal Street
                                                          Boston, MA 02110
                                                          Tel. (617) 341-7700
                                                          Fax. (617) 341-7701
                                                          keri.engelman@morganlewis.com
                                                          celina.antonellis@morganlewis.com

                                                          Thomas A. Linthorst*
                                                          Jason J. Ranjo*
                                                          502 Carnegie Center
                                                          Princeton, NJ 08540
                                                          Tel. (609) 919-6600
                                                          Fax. (609) 919-6701
                                                          thomas.linthorst@morganlewis.com
                                                          jason.ranjo@morganlewis.com

                                                          Donald E. English Jr.*
                                                          1111 Pennsylvania Avenue, NW
                                                          Washington, DC 20004
                                                          Tel. (202) 739-3000
                                                          Fax. (202) 739-3001
                                                          donald.english@morganlewis.com

                                                          *Attorneys for Defendant*

                                                          *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Keri L. Engelman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 24, 2026.

*/s/ Keri L. Engelman*
Keri L. Engelman