# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lisa Amoson, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Takeda Pharmaceuticals U.S.A., Inc.;<br><br>      Defendant. | Case No.: 1:22-cv-11963<br><br>Judge Leo T. Sorokin<br><br>Magistrate Paul G. Levenson |

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, Lisa Amoson, hereby supplements her interrogatory and production responses as follows:

### Interrogatory 1:

I am correcting a math error in my original calculations for 2026. The correct calculation of my lost wages is below.

**Lost wages: $427,138.63**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($146,176.68). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received, plus my unemployment compensation. That difference was $19,964.78.

2. In 2022, I subtracted all income I received that year – unemployment compensation ($8,063.00) and IAC ($38,559.43) from my Takeda annual salary ($146,176.68). That number was $99,554.25.

3. In 2023, I subtracted all income I received that year – I & I Sales Group – from my Takeda annual salary ($146,176.68). That number was $99,659.94.

1

4. In 2024 and 2025, I subtracted my Forward Solutions salaries from my Takeda annual salary to arrive at my lost wages:
   a. 2024: $146,176.68 minus $52,811.12 = $93,365.56.
   b. 2025: $$146,176.68 minus $54,501.40 = $91,675.28.

5. In 2026, I prorated my Takeda annual salary from January 1, 2026 to May 4, 2026 ($49,259.54). I also prorated my 2025 salary from Forward Solutions for the same time period ($18,366.23). I calculated the difference to arrive at my 2026 damages: $30,893.31.

**Emotional distress**: $300,000.
This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages**: $900,000
I am asking for 3 times my emotional distress damages.

**Costs**: $1922.40 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees**: $5,000.

**Atkinson Law's Attorney's fees**: Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: __04/13/2026__                    ___Lisa Amoson___

                                                      Lisa Amoson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Lisa Amoson, *et al.*, | ) | |
| | ) | Case No.: 1:22-cv-11963 |
| Plaintiffs, | ) | |
| | ) | Judge Leo T. Sorokin |
| v. | ) | |
| | ) | Magistrate Paul G. Levenson |
| Takeda Pharmaceuticals U.S.A., | ) | |
| Inc.; | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION**

The Plaintiff, Alecia Ramsey, hereby supplements her interrogatory and production responses as follows:

**Interrogatory 1:**

**Lost wages: $415,598.92**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($205,223.42). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received. My lost wages were $34,203.90.

2. In 2022, 2023, and 2024, I subtracted all income I received from my job at Corium from my Takeda annual salary ($205,223.42):

    a. 2022:    $205,223.42 minus $93,919.69 = $111,303.73
    b. 2023:    $205,223.42 minus $203,119.82 = $2,103.60
    c. 2024:    $139,524.27 minus $198,678.25 = $6,545.17

3. In 2025, I subtracted all income that I received – unemployment compensation ($7,200) and Corium ($5738.40) from my Takeda annual salary ($205,223.42). I calculated the difference to arrive at my 2025 damages: $192,285.02.

1

4. In 2026, I prorated my Takeda annual salary to May 4, 2026. I have received no income in 2026. My damages are: $69,157.48.

**Emotional distress**: $300,000.

This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages**: $900,000

I am asking for 3 times my emotional distress damages.

**Costs**: $2372.45 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees**: $6,000.

**Atkinson Law's Attorney's fees**: Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

**Requests For Production #2, #3, #4, #17, #31.**

See documents bates-stamped AL-050 through AL-054.

I am not producing my retainer agreement with Atkinson Law, LLC on grounds of attorney-client privilege. I will support my attorneys' fee calculation through affidavits or declarations from my attorneys.

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

I declare under penalty of perjury that the foregoing is true correct.

cuted on: 3/16/26

Alecia Ramsey

Case 1:22-cv-11963-LTS    Document 168-1    Filed 05/22/26    Page 8 of 26

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Lisa Amoson, *et al.*,                              )
                                                    )
    Plaintiffs,                            )          Case No.: 1:22-cv-11963
                                                    )
v.                                                  )          Judge Leo T. Sorokin
                                                    )
                                                    )          Magistrate Paul G. Levenson
Takeda Pharmaceuticals U.S.A.,                      )
Inc.;                                               )
                                                    )
    Defendant.                             )
                                                    )

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, Larry Savage, hereby supplements his production responses as follows:

**Requests For Production #2, #3, #4, #17, #31.**

See documents bates-stamped SavageSupp-001-004.


By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

1

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __4/13/2026__

_____

Larry Savage

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Lisa Amoson, *et al.*, | ) | |
| | ) | Case No.: 1:22-cv-11963 |
| Plaintiffs, | ) | |
| | ) | Judge Leo T. Sorokin |
| v. | ) | |
| | ) | Magistrate Paul G. Levenson |
| Takeda Pharmaceuticals U.S.A., | ) | |
| Inc.; | ) | |
| | ) | |
| Defendant. | ) | |

**<u>SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES
AND REQUESTS FOR PRODUCTION</u>**

The Plaintiff, Jillyn Schmidt, hereby supplements her interrogatory and production responses as follows:

**Interrogatory 1:**

**Lost wages: $352,624.82**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($139,524.27). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received. My lost wages were $21,406.46.

2. In 2022, I subtracted all income I received – unemployment compensation ($4,860.00) and Civic ($42,462.74) – from my Takeda annual salary ($139,524.27).

3. In 2023, 2024, and 2025, I subtracted all income I received from my Takeda annual salary ($216,580.39):

    a. 2023:   $139,524.27 minus $63,884.54 = $75,639.73
    b. 2024:   $139,524.27 minus $78,323.49  = $61,200.78
    c. 2025:   $139,524.27 minus $61,923.74  = $77,600.53

1

4. In 2026, I prorated my Takeda annual salary from January 1, 2026 to May 4, 2026 ($47,017.77). I also prorated my 2025 salary from Civic for the same time period ($22,442.00). I calculated the difference to arrive at my 2026 damages: $24,575.77.

**Emotional distress**: $300,000.

This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages**: $900,000

I am asking for 3 times my emotional distress damages.

**Costs**: $2331.46 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees**: $4,000.

**Atkinson Law's Attorney's fees**: Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

**Requests For Production #2, #3, #4, #17, #31.**

See documents bates-stamped AL-045 through AL-049.

I am not producing my retainer agreement with Atkinson Law, LLC on grounds of attorney-client privilege. I will support my attorneys' fee calculation through affidavits or declarations from my attorneys.

2

3

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____                   _____

                                                                     Jillyn Schmidt

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lisa Amoson, *et al.*, | ) | Case No.: 1:22-cv-11963 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Leo T. Sorokin |
| v. | ) | |
| | ) | Magistrate Paul G. Levenson |
| Takeda Pharmaceuticals U.S.A., | ) | |
| Inc.; | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, Sandra Silva, hereby supplements her interrogatory and production responses as follows:

**Interrogatory 1:**

I am correcting my March 16, 2026 response to this interrogatory. Specifically, I got confused as to the 2021 W2 from South Texas Rovan, LLC bearing the Bates-Stamp AL-017. I initially thought that it was issued to me, and that there was a typographical error in the person listed, but I was able to confirm that it was never issued to me.

I am updating my damages and Interrogatory 1 response as follows:

**Lost wages: $473,418.88**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($158,890.05). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received. My lost wages were $9,576.93.

1

2. In 2022, I subtracted all income I received that year – unemployment compensation ($14,274.00), Takeda ($4,406.73) and Mark Silva Insurance Agency, Inc. ($13,789.34) from my Takeda annual salary ($158,890.05). That loss was $126,419.98.

3. In 2023, I subtracted all income I received that year – Mark Silva Insurance Agency, Inc. ($36,000.00) and Corpus Christi School District ($50.88) – from my Takeda annual salary ($158,890.05). That number was $122,839.17.

4. In 2024, I subtracted all income I received that year - Mark Silva Insurance Agency, Inc. ($36,000.00) and Reese Buchanan Law ($32,500.00) from my Takeda annual salary ($158,890.05). That number was $90,390.05.

5. In 2025, I subtracted all income I received that year - Mark Silva Insurance Agency, Inc. ($36,000.00) and Reese Buchanan Law ($30,000.00) from my Takeda annual salary ($158,890.05). That number was $92,890.05.

6. In 2026, I prorated my Takeda annual salary from January 1, 2026 to May 4, 2026 ($53,543.77). I also prorated my 2025 salaries Mark Silva Insurance Agency, Inc. ($12,131.51) and Reese Buchanan Law ($10,109.59). I calculated the difference to arrive at my 2026 damages: $31,302.68.

**Emotional distress**: $300,000.
This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages**: $900,000
I am asking for 3 times my emotional distress damages.

**Costs**: $1731.63 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees**: $5,000.

**Atkinson Law's Attorney's fees**: Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

**Requests For Production #2, #3, #4, #17, #18, 35.**

See documents bates-stamped AL-017 through AL-027.

2

I am not producing my retainer agreement with Atkinson Law, LLC on grounds of attorney-client privilege. I will support my attorneys' fee calculation through affidavits or declarations from my attorneys.

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

3

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4-13-2026

Sandra Silva

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Lisa Amoson, *et al.,*      )

                      )      **Case No.: 1:22-cv-11963**

     **Plaintiffs,**   )

                      )      **Judge Leo T. Sorokin**

v.                  )

                      )      **Magistrate Paul G. Levenson**

Takeda Pharmaceuticals U.S.A., )

Inc.;                )

     **Defendant.**    )

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, Britt Singleton, hereby supplements his interrogatory and production responses as follows:

**Interrogatory 1:**

I am correcting a math error in my previous calculations. The updated and correct analysis is below:

**Lost wages: $719,705.96**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($268,140.67). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received. That difference was $44,690.11. I then subtracted my unemployment compensation ($2,920.00). My total lost wages were $41,770.11

2. In 2022, I subtracted all income I received that year – Takeda ($16,038.53), unemployment compensation ($5,475.00), Zoetis US, LLC ($76,187.86) from my Takeda annual salary ($268,140.67). That number was $170,439.28.

1

3. In 2023, I subtracted all income I received that year - Zoetis US, LLC ($107.037.16) and Living Science Home Studies, Inc ($41,666.68) – from my Takeda annual salary ($268,140.67). That number was $119,436.83.

4. In 2024 and 2025, I subtracted my Living Science Home Studies, Inc.'s salaries from my Takeda annual salary to arrive at my lost wages:
   a. 2024: $268,140.67 minus $101,500.08 = $166,640.59.
   b. 2025: $268,140.67 minus $102,530.04 = $165,610.63

5. In 2026, I prorated my Takeda annual salary from January 1, 2026 to May 4, 2026 ($90,359.73). I also prorated my 2025 salary from Living Science Home Studies, Inc. for the same time period ($34,551.22). I calculated the difference to arrive at my 2026 damages: $55,808.51

**Lost stock investments**: $35,000.

This was calculated based on my stock vesting plan for Takeda. I was granted $35,000 in stock in 2020 that vested in thirds. I received the first two-thirds, but not the last third.

I was granted $35,000 in stock in 2021 that would vest in thirds in June or July 2021, and then in 2022 and 2023. I did not receive the last two thirds.

**Health Insurance Costs:** $2,905

I had to pay for a healthcare plan through Christian Healthcare Ministries from January 11, 2022 to May 20, 2022 due to the loss of my Takeda health insurance.

**Emotional distress**: $300,000.

This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages:** $900,000

I am asking for 3 times my emotional distress damages.

**Costs:** $1915.48 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees:** $11,000.

**Atkinson Law's Attorney's fees:** Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

2

Pursuant to 28 U.S.C. § 1746, I

I have reviewed the supplemental ... ory responses and responses to the requests for production and the doc... are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/13/26

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

3

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __4/13/26__                    _____

                                            Britt Singleton

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Lisa Amoson, *et al.*, | ) | |
| | ) | Case No.: 1:22-cv-11963 |
| Plaintiffs, | ) | |
| | ) | Judge Leo T. Sorokin |
| v. | ) | |
| | ) | Magistrate Paul G. Levenson |
| Takeda Pharmaceuticals U.S.A., | ) | |
| Inc.; | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, Susan Welch, hereby supplements her interrogatory and production responses as follows:

**Interrogatory 1:**

**Lost wages: $657,176.27**

This was calculated as follows:

1. In 2021, my total paid compensation was prorated from the date of my termination to reach a final annual salary ($186,036.01). I then subtracted to ascertain the difference between my annual salary if I had not been terminated and what I actually received. That number is $31,006.00.

2. In 2022, I subtracted all income I received that year – unemployment compensation ($14,454.00) and Cerebrum Corporation ($31,164.12) – from my Takeda annual salary ($186,036.01). That loss was $140,417.89.

3. In 2023, I subtracted all income I received that year – Cerebrum Corporation ($68,545.42) – from my Takeda annual salary ($186,036.01). That number was $117,490.59.

4. In 2024, I subtracted all income I received that year - unemployment compensation ($9,432.00) and Cerebrum Corporation ($46,065.83) from my Takeda annual salary ($186,036.01). That number was $130,538.18.

1

5. In 2025, I subtracted all income I received that year - unemployment compensation ($11,004.00) from my Takeda annual salary ($186,036.01). That number was $175,032.01.

6. In 2026, I prorated my Takeda annual salary from January 1, 2026 to May 4, 2026 ($62,691.59). I received no income in 2026. So my lost wages are $62,691.59.

**Emotional distress**: $300,000.
This is difficult to quantify. I will ask a jury for $300,000, but invite them to use their discretion to go higher.

**Punitive damages**: $900,000
I am asking for 3 times my emotional distress damages.

**Costs**: $2,000 (Dropbox/Fedex); $2103.00 (deposition costs), filing fee ($80) – to be finalized with invoices and receipts at the end of the case.

**Contribution to attorneys' fees**: $10,000.

**Atkinson Law's Attorney's fees**: Partners are billing at $750/hour; associates are billing at $375/hr., paralegals are billing at $100/hr. The total bill remains to be calculated.

**Requests For Production #2, #3, #4, #10, #17, #18, 31.**

See documents bates-stamped AL-028 through AL-037.

I am not producing my retainer agreement with Atkinson Law, LLC on grounds of attorney-client privilege. I will support my attorneys' fee calculation through affidavits or declarations from my attorneys.

2

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

3

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare:

I have reviewed the supplemental interrogatory responses and responses to the requests for production and the documents produced. They are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  3-15-2026

Susan Welch

4