# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LISA AMOSON, ROBB HUCK, TROBY LANE PARRISH, ALECIA RAMSEY, LARRY HAROLD SAVAGE, JILLYN SCHMIDT, SANDRA SALAZAR SILVA, BRITT HAROLD SINGLETON, SUSAN WELCH,<br><br>Plaintiffs,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Case No.: 1:22-cv-11963-GAO |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF JILLYN SCHMIDT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts, Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda" or "Defendant" or "the Company"), by and through its undersigned counsel, Morgan, Lewis & Bockius LLP, hereby requests that Plaintiff Jillyn Schmidt ("Plaintiff") respond to the following Interrogatories fully in writing and under oath, and serve their answers upon the undersigned counsel for Defendant no later than thirty (30) days after service of these Interrogatories.

**INSTRUCTIONS**

1.    In answering these Interrogatories, furnish all information that is available to you, including information in the possession of your attorneys or investigators, and not merely such information known of your own personal knowledge. If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible.

2.      If the production of any information requested below is withheld pursuant to a claim of any privilege or that the information constitutes attorney work product, state the privilege or protection claimed for each response expressly, and describe the nature of the information not produced or disclosed in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

3.      Compliance with the Genetic Information Nondiscrimination Act.  The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law.  To comply with this law, we ask that you not provide any genetic information when responding to any Interrogatory. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

4.      These Interrogatories shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, you, or any other person acting on your behalf, obtains or becomes aware of additional information pertaining to such request, you are required to promptly provide supplemental answers to augment or otherwise modify the previous answer.

## **DEFINITIONS**

1.      The term "document" or "documents" shall mean any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, emails, text messages, instant messages, other "chat" messages, Internet postings, weblogs, blogs, appointment

2

calendars, recordings of oral conversations, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, employment files, case files, pleadings, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, and work papers, and also including, but not limited to, originals, drafts and all copies that are different in any way from the original whether by interlineation, receipt stamp, notation, or otherwise, that are in the possession, custody, or control of Plaintiff, Plaintiff's agents, representatives, or attorneys, or any and all persons acting on Plaintiff's behalf.

2.      The term "communication" means the transmittal of information by any means.

3.      The term "describe" shall mean to describe fully by reference to underlying facts rather than by conclusions of facts or law and to particularize as to time, place, and manner.

4.      The term "identify" when used with reference to an individual person shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), job title, employer or business affiliation, last known business or home address, email addresses, and all telephone numbers.

5.      The term "identify" when used with reference to a document or written communication shall mean to state the type of document, the general subject matter of the document, the date of the document, and the author(s) and recipient(s) of the document.  In lieu of identifying a document, you may produce the document and refer by bates number to the produced document in your response to a particular Interrogatory.

6.      The term "identify" when used with reference to a communication, discussion, conversation, meeting, conference, or any other statements, shall mean to describe in detail the

3

substance of, to state the date and location of, and manner of, and to identify the participants in each such communication, discussion, conversation, meeting, conference, or statement.

7.     "Person" and "persons" as used in these Interrogatories means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

8.     The terms "Plaintiff," "you," "yours," and/or "yourself" mean Plaintiff Jillyn Schmidt and any other persons acting, or purporting to act, on behalf of Plaintiff.

9.     The term "Defendant" means Defendant Takeda Pharmaceuticals U.S.A., Inc., and present and former employees, officers, agents, or representatives, and any other persons acting or purporting to act on its behalf.

10.     The terms "Complaint" and/or "this Action" shall mean the Complaint in the above-captioned case, entitled *Lisa Amoson, et al v. Takeda Pharmaceuticals U.S.A., Inc.*, Civil Action No. 1:22-cv-11963-GAO, and currently pending before the United States District Court for the District of Massachusetts.

11.     The term "Health Care Provider" refers to any doctor or other individual or entity that provides physical or mental health care, whether licensed or unlicensed, including, but not limited to, counselors, therapists, nurses, chiropractors, psychologists, psychiatrists, social workers, physical therapists, and hospitals, clinics, hospices, and other institutions.

12.     The terms "refer" and "relate" mean concerning, containing, consisting of, relating to, referring to, describing, evidencing, supporting, contradicting, or constituting, in whole or in part.

13.     The singular includes the plural and vice versa.

4

14. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. The term "including" means "including without limitation."

16. The terms "any" and "all" mean each and every, as well as anyone.

## **INTERROGATORIES**

1. Identify each category of damages that Plaintiff claims in this case (including, but not limited to, attorneys' fees) and, for each such category, provide the following information:

    a. for each element of damage or relief identified, state the exact dollar amount of compensation or relief sought;

    b. for each dollar amount, state the method by which such damage or relief was calculated, including the time periods reflected in that calculation, with sufficient specificity so that Defendant is apprised of the methodology used and is able to determine the accuracy of the computation; and

    c. identify and attach hereto copies of all documents concerning each damages category and calculation.

2. Identify every person or entity with whom you have worked or been employed (including any form of self-employment, and any engagement as a consultant, advisor, independent contractor, director, or partner) following your graduation from college or university, including the name, address, telephone number, and email address for each person, entity, or employer, the dates of employment or other work, the positions held by you, the job duties performed by you, and the compensation received by you.

3. Identify every person or entity from whom you have sought employment, self-employment, or any independent contractor or consulting arrangement since your date of

termination from Takeda, and state the name of any individual with which you spoke regarding your application, the date on which you applied, the position for which you applied, the result of each application made, each offer you received, if any, with respect to each offer you received, whether you accepted, and, with respect to each offer you did not accept, why you did not accept.

4.      For each new employer identified above, state whether the employer maintained a policy requiring employees to become vaccinated against the COVID-19 virus, whether you sought an accommodation or exemption from such a policy, the basis of any such accommodation or exemption request, and the outcome of that request.

5.      Identify every source of income, compensation, or remuneration accrued, earned, or received by you, including, but not limited to, income from any form of employment, consulting, contracting, or self-employment, from your dates of termination from Takeda through the date of any judgment in this case, including for each such source, identify the amounts accrued, earned, or received, the monetary or non-monetary benefits, including, but not limited to, health insurance and severance or separation payments, accrued, earned, or received, the dates such amounts or benefits were accrued, earned, or received, the name, address, and telephone number of the source, the title of the position held by you, and the identity of your immediate supervisor, if any.

6.      Identify any communications between you and Defendant (including any affiliates of Defendant), including current or former officers, directors, employees, agents, or representatives of Defendant or any subsidiary or affiliate, relating to this Action, including the claims, allegations, defenses, and relief sought in this Action.

7.      Identify each person whom you know or believe possesses knowledge or information concerning any fact, claim, or defense that is or may be at issue in this Action. Include in your response a description of the knowledge that you believe each person may possess. For

each such person, also state whether you have obtained a written statement from that person, and if so, attach a copy of it to your response to this Interrogatory.

8.    Identify all medical, counseling, or health care providers from whom you sought and/or received treatment, counseling, or therapy of any kind for any issues or conditions at any time in the past five (5) years, and, for each state the individual or care provider's name, address, telephone number, and email address, type of practice or specialty, the condition being treated, any medication recommended or prescribed and the date(s) when recommended or prescribed, and any diagnoses rendered and the date(s) of such diagnoses.  In addition, for each Health Care Provider identified, complete, in the form attached hereto as Exhibit A, an Authorization for Release of Medical or Health Care Records.  *(In responding to this interrogatory, please refer to the instructions in the Authorization for Release of Medical or Health Care Records for important information about the Genetic Information Nondiscrimination Act).*

9.    Identify all medical, counseling, or health care providers from whom you sought and/or received treatment, counseling, or therapy of any kind for any issues or conditions concerning any physical or mental injury or condition, including, but not limited to, emotional distress, that you contend Defendant caused, continued, or worsened, and, for each, state the type of practice or specialty, the dates for each treatment, the amounts paid for each treatment, the physical or mental condition being treated, any medication recommended or prescribed and the date(s) when recommended or prescribed, the amounts paid for such medication, and any diagnoses rendered and the date(s) of such diagnoses.  In addition, for each Health Care Provider identified, complete, in the form attached hereto as Exhibit A, an Authorization for Release of Medical or Health Care Records.  *(In responding to this interrogatory, please refer to the instructions in the Authorization for Release of Medical or Health Care Records for important information about the Genetic Information Nondiscrimination Act).*

10. Identify all religious officials (such as a Church pastor) with whom you have spoken or communicated with in any way regarding your religious beliefs as they relate to any vaccines or shots, including, but not limited to, Allergies, Chickenpox (Varicella), Dengue, Diphtheria, Seasonal Influenza, Hepatitis A, Hepatitis B, Hib, HPV, Measles, Meningococcal, Mumps, Pertussis, Pneumococcal, Polio, Rotavirus, Rubella, Shingles, Smallpox, Tetanus, and the COVID-19 vaccine. For each individual, identify every such communication.

11. Identify all other individuals who are not religious officials with whom you have spoken or communicated with regarding your religious beliefs as they relate to receiving a COVID-19 vaccine. For each individual, identify every such communication.

12. Identify all health care providers or medical professionals with whom you have spoken or corresponded with regarding the COVID-19 vaccine, including any individuals with whom you have communicated about the safety or effectiveness of COVID-19 vaccines. In addition, for each Health Care Provider identified, complete, in the form attached hereto as Exhibit A, an Authorization for Release of Medical or Health Care Records. *(In responding to this interrogatory, please refer to the instructions in the Authorization for Release of Medical or Health Care Records for important information about the Genetic Information Nondiscrimination Act)*.

13. Identify all non-medical professionals with whom you have spoken or corresponded with regarding the COVID-19 vaccine, including any individuals with whom you have communicated about the safety or effectiveness of COVID-19 vaccines.

14. Identify any expert retained to provide any testimony or opinions in this Action, including resumes, curricula vitae, reports, all documents and information reviewed or relied upon by the expert, all communications with the expert, and all amounts paid or to be paid to the expert.

8

15.     Identify each person whom you have reason to believe you may call as a witness at any hearing or trial in this case, and, for each such person, state the substance of the testimony he or she is expected to give.

16.     Identify all civil, criminal, arbitration, and administrative actions, including divorce actions, bankruptcy filings, to which you have been a party or in which you have testified (either in court, arbitration, administrative hearing, or deposition), and include the case name, court, arbitration tribunal, or agency name, and other identifying numbers assigned by the agency or court.

17.     Describe any complaint you made to Defendant, either formally or informally, regarding religious discrimination.

18.     Describe any religious accommodation or exemption request made by you or anyone in your immediate family other than your request to Takeda regarding its COVID-19 Vaccine Policy.

19.     Describe all the vaccines or shots you have previously received, including, but not limited to, Allergies, Chickenpox (Varicella), Dengue, Diphtheria, Seasonal Influenza, Hepatitis A, Hepatitis B, Hib, HPV, Measles, Meningococcal, Mumps, Pertussis, Pneumococcal, Polio, Rotavirus, Rubella, Shingles, Smallpox, and Tetanus.  In so doing, describe how these vaccines, if any, differ from the COVID-19 vaccine and identify the health care provider who administered each vaccine or shot and the date of each vaccine.  In addition, for each Health Care Provider identified, complete, in the form attached hereto as Exhibit A, an Authorization for Release of Medical or Health Care Records.  *(In responding to this interrogatory, please refer to the instructions in the Authorization for Release of Medical or Health Care Records for important information about the Genetic Information Nondiscrimination Act).*

20.     Identify any social networking websites (including, but not limited to, LinkedIn, Facebook, Twitter, Instagram, Telegram, Signal, MySpace, Snapchat, TikTok, and YouTube), internet forums, weblogs, social blogs, microblogs, wikis, and/or similar websites that you have maintained or created, or on which you have had an account, at any time between January 1, 2020 and the present in this case and, for each website, identify the username, alias, or handle under which you have maintained, posted, or contributed such content, and attach a copy of the content that you posted, contributed, or maintained.

21.     State whether you have ever been diagnosed with COVID-19 and, if so, identify the date(s) and source of the diagnosis (such as at-home test, Health Care Provider, etc.), as well as any treatment received.

Dated: March 24, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Keri L. Engelman*

     Keri L. Engelman (BBO# 704360)

Celina Antonellis (BBO# 708904)
One Federal Street
Boston, MA 02110
Tel. (617) 341-7700
Fax. (617) 341-7701
keri.engelman@morganlewis.com
celina.antonellis@morganlewis.com

Thomas A. Linthorst*
Jason J. Ranjo*
502 Carnegie Center
Princeton, NJ 08540
Tel. (609) 919-6600
Fax. (609) 919-6701
thomas.linthorst@morganlewis.com
jason.ranjo@morganlewis.com

 *Admitted *pro hac vice*

*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, the foregoing document was served by electronic mail upon the following:

Kevin M. Smith
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
Tel. (203) 393-3017
Fax. (203) 393-9745
npattis@pattisandsmith.com

Brian Unger
The Law Offices of
Warner Mendenhall, Inc.
20 Park Plaza, 400-4
Boston, MA 02116
Tel. (617) 297-2227
Fax. (330) 762-9743
brian@warnermendenhall.com

*Attorneys for Plaintiffs*

*/s/ Keri L. Engelman*
Keri L. Engelman

12

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LISA AMOSON, ROBB HUCK, TROBY LANE
PARRISH, ALECIA RAMSEY, LARRY
HAROLD SAVAGE, JILLYN SCHMIDT,
SANDRA SALAZAR SILVA, BRITT HAROLD
SINGLETON, SUSAN WELCH,

          Plaintiffs,

     v.

TAKEDA PHARMACEUTICALS U.S.A., INC.,

          Defendant.

Case No.: 1:22-cv-11963-GAO

**AUTHORIZATION FOR RELEASE OF MEDICAL OR HEALTHCARE**
**INFORMATION AND MEDICAL OR HEALTH CARE RECORDS**

Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the
HIPAA Privacy Rule promulgated by the U.S. Department of Health and Human Services, I,
_____, authorize the following health care provider ("Healthcare
Provider") to disclose protected health information ("PHI") about me from 2017 through the
present as described below:

    **Healthcare Provider:** _____

    **Provider Company:** _____

    **Address:** _____

    **Address:** _____

    **Phone Number:** _____

1.    The information to be disclosed is complete copies of all of my medical or health care
information and medical or health care records, including, but not limited to, the reports of
physicians, including psychiatrists, psychologists, therapists, social workers, or any other
mental or physical health care professional, and any related materials of any kind, including
vaccination records, hospital records, charts, x-rays, and technicians' reports or related
materials, and physicians' notes.

2.    The Healthcare Provider may disclose the above-described information to Thomas A.
Linthorst, Esq., Keri L. Engelman, Esq., Jason J. Ranjo, Esq., and Celina Antonellis, Esq.
of Morgan, Lewis & Bockius LLP.

14

3.      This disclosure is made for the following purposes: At the request of the individual.

4.      I understand that the Healthcare Provider may not condition my treatment, payment, enrollment, or eligibility for benefits on whether I agree to sign this authorization.

5.      I understand that if a Healthcare Provider is providing health care to me solely for the purpose of disclosing that health information to a third party, the Healthcare Provider may condition the provision of health care on this authorization.

6.      I understand that the information disclosed pursuant to this authorization may no longer be protected by the federal health privacy rule and, subject to other applicable laws, may be re-disclosed by the recipient.

7.      I understand that I have the right to revoke this authorization in writing at any time by sending a letter to Keri L. Engelman, Esq., Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, and that the effective date of my revocation will be the date Ms. Engelman receives it.  I further understand that any revocation will be effective only to the extent that a Healthcare Provider has not already taken action in reliance on this authorization.

8.      The Genetic Information Nondiscrimination Act of 2008 ("GINA") prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law.  To comply with this law, Morgan, Lewis & Bockius LLP is asking that you not provide any genetic information when responding to this request for medical information.  "Genetic information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

9.      This Authorization shall expire upon the conclusion of my litigation against Respondent in the above-captioned matter.

Dated: _____

Name: _____

Social Security No.:   __ __ __- __ __ - __ __ __ __